THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GEORGE L. FARNSWORTH, JR., *et al.*, Defendants-Appellees.

Third District    No. 3—94—0720

Opinion filed July 18, 1995.

632

Michael J. Luke, Assistant Attorney General, of Springfield, Dale R. Potthoff, Special Assistant Attorney General, of Peru, and Robert W. Neirynck, of Costigan & Wollrab, of Bloomington, for appellant.

William Zukosky, of Urbana, and Edward Zukosky, of Wenona, for appellee John A. Rupe.

Wayne P. Coffelt, of Fleming, Messman & O'Connor, of Bloomington, for appellee George L. Farnsworth, Jr.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Illinois Department of Transportation (IDOT), appeals from a judgment that fixed the amount of compensation for fill material taken from the defendant landowners in an eminent domain proceeding. The issue on appeal is whether the trial court erred by allowing the material to be valued according to the number of cubic yards taken, rather than as an element of the land upon which it sat. We hold that the valuation method used by the trial court was appropriate under the facts of this case. Therefore, we affirm.

IDOT filed a condemnation complaint to acquire an easement over the landowners' property. The purpose of the easement was to remove a pile of gob (waste material from mining operations) for use as fill on an interstate construction project. During the trial to determine just compensation for the taking, IDOT amended its complaint to acquire fee simple title to 153,795 cubic yards of the material. It did not, however, seek title to the land upon which the material sat.

IDOT argued in the trial court that the taking's value should be measured by subtracting the value of the land without the material from the value of the land with the material. The landowners, in contrast, argued that the proper measure of compensation was the number of cubic yards taken multiplied by a fixed price per cubic yard (the cubic yard method). The trial court agreed with the landowners and ruled that the material would be valued according to the cubic yard method.

At trial, IDOT elicited valuation testimony from two witnesses. Although both witnesses testified that gob is suitable as fill, neither could find comparable sales of the material. Therefore, both determined the prices for other types of fill material and discounted those prices to reach a per-yard value for gob. One witness testified that gob was worth 10 cents per cubic yard; the other gave a price of 12 cents per cubic yard.

The landowners presented their own valuation witnesses. One witness, Richard Davis, testified that he owned a gob pile and had sold about 60,000 cubic yards as fill material over an 18-year period. Davis opined that the material was worth between $1 and $1.75 per cubic yard. Another witness, John Rupe, testified that gob was suitable as fill material and that it was worth about $1 per cubic yard.

The jury determined that the material was worth $80,000, or approximately 52 cents per cubic yard. The trial court entered judgment on the jury's verdict, and IDOT appealed following the court's denial of its post-trial motion.

On appeal, IDOT argues that the material should have been valued only to the extent it enhanced the value of the land upon which it sat. According to IDOT, the trial court violated the unit rule by allowing the material to be valued on a cubic yard basis.

The unit rule is a rule in condemnation proceedings that prohibits the separate valuation of timber, oil, and other commodities apart from the parcel that contains them. (See *Forest Preserve District v. Caraher* (1921), 299 Ill. 11, 132 N.E. 211.) The land must be valued as a whole; thus, commodities may be considered only to the extent they enhance the property's overall value. It is reasoned that a separate valuation of the commodity would include elements of a speculative nature, such as prospective profits and market demands, and would thus confuse the jury. *Department of Transportation ex rel. People v. Central Stone Co.* (1990), 200 Ill. App. 3d 841, 558 N.E.2d 742.

In arguing that the cubic yard method violated the unit rule, IDOT relies on *Department of Transportation v. Toledo, Peoria & Western R.R. Co.* (1979), 75 Ill. 2d 436, 389 N.E.2d 546. In *Toledo,* IDOT condemned the respondent's land for the purpose of removing

fill material. The respondent argued that the proper measure of compensation was the value of the material taken at a fixed price per cubic yard. (75 Ill. 2d at 440, 389 N.E.2d at 548.) The supreme court disagreed, noting that such a measure would result in the land being valued not as land, but as a source of fill material. Thus, applying the unit rule, the court held that the jury could not consider the fill material's value separately from the value of the land. 75 Ill. 2d at 442, 389 N.E.2d at 549.

IDOT's reliance on *Toledo* is misplaced. In *Toledo,* the State acquired title to the land which contained the commodity in question. Therefore, the respondent was entitled to the fair market value of the land, and the unit rule applied to ensure that the land's raw materials were considered only to the extent that they enhanced the land's value.

■ Here, in contrast, IDOT acquired title to the fill material only and not to the land upon which the material sat. As a result, the landowners were entitled to compensation for the material only, not for the land. Since, as appears from the record, fill is bought and sold in the marketplace per cubic yard, it was appropriate for the jury to hear evidence of the material's cubic yard value.

IDOT also argues that the cubic yard method produced a value that was improperly appreciated by the interstate construction project for which the material was taken. In support of this argument, IDOT claims that there was no evidence from which the jury could infer that a market existed, apart from the construction project, for 153,795 cubic yards of fill material as of the date the condemnation complaint was filed.

When property is condemned to facilitate the construction of a public improvement, just compensation for the taking may not reflect any appreciation proximately caused by the improvement itself. 735 ILCS 5/7—121 (West 1992); *Department of Transportation v. Toledo, Peoria & Western R.R. Co.* (1979), 75 Ill. 2d 436, 389 N.E.2d 546.

■ We disagree with IDOT that there was no evidence of a market for the subject material apart from the market created by the interstate construction project. IDOT's own witnesses testified, after comparing the subject material to other types of fill material, that the subject material could be sold for 10 to 12 cents per cubic yard. Implicit in this testimony is a belief that the material could be sold as fill in the marketplace. In addition, Richard Davis testified that he had sold the same material as fill in the past. From this cumulative evidence, the jury had sufficient grounds to determine that a market existed for the material apart from the market created by the interstate construction project.

In sum, the cubic yard method of valuation used in this case did not violate the unit rule or produce an improperly inflated value for the material taken. The method was proper because it reflected the manner in which fill material is bought and sold in the marketplace. Since there was no error in the proceedings below, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

McCUSKEY and SLATER, JJ., concur.